**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Carlos Anthony Dennison, Appellant.

Appellate Case No. 2019-001161

———————

Appeal From Georgetown County
J. Mark Hayes, II, Circuit Court Judge

———————

Unpublished Opinion No. 2021-UP-331
Submitted June 1, 2021 – Filed September 15, 2021

———————

**AFFIRMED**

———————

Appellate Defender Joanna Katherine Delany, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jonathan Scott Matthews, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————

**PER CURIAM:** Carlos A. Dennison appeals his conviction for possession with intent to distribute (PWID) heroin and sentence of ten years' imprisonment.[1] On appeal, Dennison argues the trial court abused its discretion by failing to grant a mistrial after twice erroneously instructing the jury that the inference weight for PWID heroin was two grams rather than two grains. We affirm.

We find the trial court did not abuse its discretion by denying Dennison's motion for a mistrial because it was not error for the trial court to recharge the jury on the correct law.[2] *See State v. Harris*, 382 S.C. 107, 117, 674 S.E.2d 532, 537 (Ct. App. 2009) ("The decision to grant or deny a mistrial is within the sound discretion of the trial court."); *id.* ("The trial court's decision will not be overturned on appeal absent an abuse of discretion amounting to an error of law."); *id.* ("A mistrial should only be granted when absolutely necessary, and a defendant must show both *error* and resulting prejudice in order to be entitled to a mistrial." (emphasis added)); *State v. Logan*, 405 S.C. 83, 90-91, 747 S.E.2d 444, 448 (2013) ("A jury charge is correct if, when read as a whole, the charge adequately covers the law."); *id.* at 91, 747 S.E.2d at 448 ("A jury charge that is substantially correct and covers the law does not require reversal." (quoting *State v. Brandt*, 393 S.C. 526, 549, 713 S.E.2d 591, 604 (2011))); S.C. Code Ann. § 44-53-370(d)(4) (2018) (providing possession of more than two grains of heroin constitutes prima facie guilt of an intent to distribute).

**AFFIRMED.**[3]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] The jury also found Dennison was guilty of possession of cocaine, third offense, and the trial court sentenced him to a concurrent sentence of ten years' imprisonment. Dennison does not raise an issue related to this conviction on appeal.

[2] To the extent Dennison argues the trial court should have granted his motion for a mistrial because the charge was confusing as to whether he "automatically" possessed the intent to distribute if the inference weight was met, this issue is not preserved for appellate review because it was not raised to or ruled on by the trial court. *See* Rule 20(b), SCRCrimP (stating failure to object to the giving or failure to give a jury instruction shall constitute waiver of the objection).

[3] We decide this case without oral argument pursuant to Rule 215, SCACR.